In the Matter of the Construction of the Will of CECIL P. DAWSON, Deceased.

Surrogate's Court, Westchester County, September 14, 1948.

*Smith Ranscht, Mitchell & Croake* for Ione M. Dawson, as executrix of Cecil P. Dawson, deceased, petitioner.

*Richard Leo Fallon,* special guardian for William P. Dawson, an infant.

GRIFFITHS, S. In this independent proceeding for a construction, the court determines that the child of testator born after the execution of the will is mentioned therein within the purview of section 26 of the Decedent Estate Law. Since no provision is made for the benefit of any after-born child, the younger son of testator does not succeed to the share which he would have received if decedent had died intestate.

Under the will executed at a time when he had but one child, the testator named his wife as his sole beneficiary. He then directed that " this my will shall remain in full force and effect notwithstanding that I may have children hereafter born to me." Thus the will clearly demonstrates that testator contemplated the possibility of after-born children in framing a scheme for the testamentary disposition of his property (see *McLean* v. *McLean,* 207 N. Y. 365, 371), and determined that no testamentary provision was to be made for the benefit of any such child.

Settle decree accordingly.